# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN RODRIGUEZ AROCHE, <br><br>    Petitioner, <br><br> v. <br><br> JASON PARK, ET AL., <br><br>    Respondents. | Case No. SACV 17-0367-JGB (KK) <br><br> FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Final Report and Recommendation is submitted to United States District Judge Jesus G. Bernal, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.
## **SUMMARY OF RECOMMENDATION**

Petitioner Marvin Rodriguez Aroche ("Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 ("Section 2241"), challenging his prolonged detention by Immigration and Customs Enforcement ("ICE") while his application for asylum and withholding of removal has been pending. Respondents have filed a Motion to dismiss, or in the alternative, to consolidate ("Motion") the Petition with Hernandez v. Lynch, et al., No. SACV 16-0620-JGB (KK) (C.D. Cal.) ("Hernandez"). As discussed

below, the Court recommends denying Respondents' Motion to dismiss, but granting the alternative request to consolidate the Petition with the Hernandez class action.

## II.

## PROCEDURAL HISTORY

On March 1, 2017, Petitioner filed the instant Petition. ECF Docket No. ("Dkt.") 1, Pet. In the Petition, Petitioner raises five claims for relief: (1) Petitioner's detention violates his Fifth Amendment Substantive Due Process right; (2) Petitioner's detention violates his Fifth Amendment Procedural Due Process right; (3) failure to consider Petitioner's ability to pay bond violates the Equal Protection Clause of the Fourteenth Amendment; (4) Petitioner's bond is excessive in violation of the Eighth Amendment; and (5) Petitioner's detention violates the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. §§ 1101 et seq. Id.

On March 27, 2017, Respondents filed the instant Motion arguing the Petition should be dismissed under the principles of res judicata, or in the alternative, consolidated with the Hernandez class action. Dkt. 10, Mot. On April 10, 2017, Petitioner filed an Opposition. Dkt. 11, Opp. On April 17, 2017, Respondents filed a Reply[1]. Dkt. 12, Reply. On April 19, 2017, the Court issued an Order vacating the hearing and taking the matter under submission. Dkt. 14.

On May 8, 2017, the Court issued its original Report and Recommendation denying Respondent's Motion to dismiss, but granting the alternative request to consolidate. Dkt. 17. On May 16, 2017, Petitioner filed objections to the original Report and Recommendation. Dkt. 19. On May 31, 2017, Respondents filed a

---

[1] On April 26, 2017, Petitioner filed a motion to strike Respondent's Reply. Dkt. 13. While the Court is unimpressed with Respondent's failure to follow the instructions outlined in the Court's March 6, 2017 Order, see dkt. 7, the Court declines to strike Respondent's Reply.

2

response to Petitioner's objections.[2]  Dkt. 20.  Thus, the Court herein issues a Final Report and Recommendation addressing Petitioner's objections.

### III.
### BACKGROUND

**A.   Hernandez Class Action**

On April 6, 2016, a putative class action against Jon Briggs, Christina Holland, Sandra Hutchens, James Janecka, David Jennings, Jeh Johnson, Mike Kreuger, Loretta Lynch, Juan P. Osuna, Carlos Roja, and Sarah Saldana ("Hernandez defendants"), challenging policies and practices by which United States immigration officials set bond for detained individuals, was filed in this Court.  Hernandez Dkt. 1, Compl. ¶¶ 52-63.  Specifically, the Hernandez plaintiffs alleged United States immigration officials do not (1) consider detainees' ability to pay when setting bond; (2) consider whether conditions of supervision, alone or in combination with a lower bond amount, would suffice to ensure detainees' appearance during removal proceedings; (3) permit detainees released on bond to post a deposit, property, or other asset as collateral, but instead require they post the full cash bond amount as a condition to release; and (4) recognize a detainee's inability to post bond, despite having made good faith efforts to do so, as a "changed circumstance" warranting a new bond hearing pursuant to 8 C.F.R. § 1003.19(e).  Id. ¶¶ 3, 29.

The Hernandez plaintiffs claimed these policies and practices violated (1) the INA; (2) the Due Process Clause of the Fifth Amendment; (3) the Equal Protection Clause of the Fifth Amendment; and (4) the Excessive Bail Clause of the Eighth Amendment.  Id. ¶¶ 52-63.  Accordingly, the Hernandez plaintiffs sought: (1) certification of the putative class; (2) declaratory judgment as to the

---

[2] On June 1, 2017, Petitioner filed a Motion to strike Respondent's untimely Response to Petitioner's Objections.  Dkt. 21.  While the Court is once again unimpressed with Respondents' failure to follow instructions, the Court declines to strike the Response at this time.

3

illegality of these policies and practices; (3) writs of habeas corpus for the Hernandez plaintiffs and an order granting them new bond hearings; and (4) an injunction ordering that consideration be given to the Hernandez plaintiffs' and the putative class members' ability to pay, alternative forms of secured bond, and other conditions of supervision when setting bond, and to provide them with new bond hearings if they are unable to post bond after making a good faith effort to do so. Id. at 15-16.

On May 19, 2016, the Hernandez plaintiffs sought "a class-wide preliminary injunction requiring bond-setting procedures to ensure that class members are not unlawfully detained based on their lack of financial resources." Hernandez Dkt. 45, Mot. for Preliminary Injunction. On November 10, 2016, the Court granted the Hernandez plaintiffs' motion for class certification and motion for preliminary injunction. Hernandez Dkt. 85, Order. The Court's Order states that ICE and the Executive Office of Immigration Review ("EOIR") "must (a) consider the person's financial ability to pay a bond; (b) not set bond at a greater amount than that needed to ensure the person's appearance; and (c) consider whether the person may be released on alternative conditions of supervision, alone or in combination with a lower bond amount, that are sufficient to mitigate flight risk" when setting, re-determining, and/or reviewing the terms of any person's release. Id.

On December 12, 2016, the Hernandez defendants filed an interlocutory appeal to the Ninth Circuit and an ex parte application seeking a stay of the Court's November 10, 2016 order. Hernandez Dkt. 87, Not. of Appeal. On January 4, 2017, the Ninth Circuit granted the Hernandez defendants' ex parte application to stay the Court's preliminary injunction. Hernandez Dkt. 94, Order. No further rulings have been issued and the matter remains pending before the Ninth Circuit.
///
///

**B.     Petitioner's Habeas Petition**

On March 1, 2017, Petitioner filed the instant Petition and a Notice of Related Cases to the Hernandez matter. Dkt. 1, Pet.; Dkt. 4, Notice.

According to the Petition, Petitioner is a native and citizen of Guatemala who moved to the United States in 1993. Pet. ¶ 26. In 2011, Petitioner traveled to Mexico at the inducement of a fraudulent immigration attorney. Id. ¶ 27. Upon trying to return home to Los Angeles, Petitioner was detained at the United States-Mexico border and subsequently deported to Guatemala, where "he was subjected to numerous violent attacks, death threats and extortion." Id. ¶¶ 27-28.

On August 31, 2013, Petitioner returned to the United States. Id. ¶ 29. Petitioner presented himself at the border and requested asylum, withholding of removal, and protection under the Convention Against Torture. Id. ¶ 29. On November 12, 2013, Petitioner's application for relief from removal was denied. Id. ¶ 30. Petitioner appealed the denial of his application for relief to the Board of Immigration Appeals ("BIA") and then to the U.S. Court of Appeals for the Ninth Circuit. Id. His case is still pending and he remains in ICE custody. Id. ¶¶ 30-31.

Petitioner has had a number of bond hearings during his ICE detention. Id. ¶ 32. At his first three bond hearings, Petitioner was denied bond on the grounds that he was a flight risk. Id.; Declaration of Kathleen Covarrubias ("Covarrubias Decl."), Ex. D, Bond Mem. at 1-2. Petitioner appealed each of the three bond decisions to the BIA. Covarrubias Decl., Ex. B, BIA Remand. In August 2016, the BIA remanded the decision to the Immigration Judge to "consider whether a bond amount could be set that is reasonably calculated to ensure [Petitioner's] presence at future hearings." Id. Upon remand, the Immigration Judge determined Petitioner was not a flight risk or a danger to the community; however, he set bond at $50,000 without "consider[ing] Petitioner's financial circumstances or ability to pay." Pet. ¶ 33. On September 28, 2016, Petitioner appealed the decision to the BIA. Id.

5

On December 7, 2016, following the grant of a preliminary injunction in Hernandez, Petitioner filed a motion requesting a fifth bond hearing as a qualified member of the Hernandez class. Covarrubias Decl., Ex. G. The motion was granted, but the hearing was later cancelled following the Ninth Circuit's stay of the Hernandez preliminary injunction. Id., Exs. H, I.

On February 27, 2017, a sixth bond hearing was held but was ultimately continued to April 18, 3017.[3] Pet. ¶ 35; Dkt. 10-1, Declaration of Mia Webb, ¶ 5.

Petitioner remains in ICE custody, subject to release upon the posting of a $50,000 bond. Id. ¶ 36.

## IV.

## DISCUSSION

### A. THE ACTION SHOULD NOT BE DISMISSED UNDER THE PRINCIPLES OF RES JUDICATA

**(1) Applicable Law**

The doctrine of res judicata bars subsequent litigation "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal quotations omitted). In the context of class action, "a judgment in a properly entertained class action is binding on class members in any subsequent litigation." Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867, 874, 104 S. Ct. 2794, 81 L. Ed. 2d 718 (1984). The grant or denial of a preliminary injunction, however, does not constitute a final judgment on the merits for purposes of res judicata. Starbuck v. City & Cty. of San Francisco, 556 F.2d 450, 457 n.13 (9th Cir. 1977) (noting "granting a preliminary injunction in [a prior related] case is not a final judgment sufficient for collateral estoppel purposes"). Additionally, "a judgment is not final for purposes of res judicata during the

---

[3] Neither party has indicated a change in Petitioner's detention status since the time of their respective filings.

6

pendency of and until the resolution of an appeal." Sosa v. Direct TV, 437 F.3d 923, 928 (9th Cir. 2006) (quoting Eichman v. Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir. 1985)).

**(2) Analysis**

In the Motion, Respondent argues the Petition should be dismissed for lack of subject matter jurisdiction because res judicata precludes any Hernandez class member, which includes Petitioner, "from pursuing the injunctive and declaratory relief already demanded in Hernandez through individual actions." Mot. at 8. As Respondent appears to concede, however, there has been no final judgment on the merits in the Hernandez class action. See Reply at 2.

The Court issued a preliminary injunction in Hernandez, which was subsequently appealed to the Ninth Circuit. Hernandez Dkt. 84. The Ninth Circuit stayed the Court's order issuing a preliminary injunction and has not made any further determination on appeal. Hernandez Dkt. 94. Thus, because (a) granting a preliminary injunction does not constitute a final judgment on the merits; and (b) the Hernandez class action remains pending on appeal, the Petition is not barred by the principles of res judicata. See Starbuck, 556 F.2d at 457; Overstreet, 305 F.3d at 573. Therefore, Respondents' Motion to dismiss the Petition as barred by res judicata should be denied.

**B.  THE ACTION SHOULD BE CONSOLIDATED WITH THE HERNANDEZ CLASS ACTION**

**(1) Applicable Law**

Rule 42(a) of the Federal Rules of Civil Procedure states "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Notably, actions do not need to be identical before they are consolidated under Rule 42. See Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (noting Rule 42 does not "demand[] that the actions be identical before they may be consolidated"). A

7

court has wide discretion when deciding whether to consolidate cases pending in the same district. Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir. 1989). In exercising this discretion, the Court should weigh "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir.), on reh'g, 753 F.2d 1081 (9th Cir. 1984).

### (2) Analysis

Here, this action should be consolidated with the Hernandez class action because (1) the matters involve a common question of law and fact; and (2) the discretionary factors weigh in favor of consolidation.

#### i. The Matters Involve a Common Question of Law and Fact

Respondents argue, in the alternative, this matter should be consolidated with the Hernandez class action because Petitioner is a member of the Hernandez class and the claims raised and relief sought in the Petition are covered by the class action.[4] Mot. at 9-11. Petitioner, however, argues consolidation is inappropriate because there are important distinctions between the two matters. Opp. at 8-12. As discussed below, the Court finds the actions raise common questions of law and fact such that consolidation is appropriate.

##### a. Petitioner Is a Member of the Hernandez Class

First, as an individual who is "currently detained pursuant to 8 U.S.C. § 1226(a) on a bond set by . . . an Immigration Judge in the Central District of California," Petitioner is a member of the Hernandez class. Pet. ¶¶ 33, 37;

---

[4] Respondents also argue this matter should be dismissed under the principle of duplicative litigation. Reply at 2 (citing Adams v. Cal. Dep't of Health Servs., 487 F.3d 684 (9th Cir. 2007). As discussed in Adams, the Court has broad discretion to "dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to *consolidate both actions*." Id. at 688 (emphasis added). Here, for the reasons set forth herein, the Court should exercise its broad discretion to consolidate rather than dismiss the instant action.

Covarrubias Decl., Ex. G, Motion for Custody Redetermination at 2; Covarrubias Decl., Ex. D, Bond Memorandum; Hernandez Dkt. 84, Order at 19, 27.

### b. Petitioner Raises the Same Legal Challenges

Second, Petitioner's claims are covered by the Hernandez class action because they raise the same legal challenges presented in the Hernandez class action. Specifically, both actions allege an immigration judge's failure to consider an individual's ability to pay when setting a bond amount and whether the person may be released on alternative conditions of supervision, violates the (1) Fifth Amendment's Due Process Clause; (2) Fifth Amendment's Equal Protection Clause; (3) Eighth Amendment Excessive Bail Clause; and (4) INA. Hernandez Dkt. 84, Order at 2; Pet. at ¶¶ 38-68.

Petitioner claims his action should not be consolidated pursuant to Rule 42 because (1) he raises a substantive due process challenge to his detention, which the Hernandez class action did not raise; and (2) he advances a different statutory argument than the one raised in Hernandez regarding the language of the INA. While Petitioner argues his claims go beyond the Hernandez class action, thereby requiring that the matters remain separated, the Court does not agree.

Although the Hernandez class did not separate its claims into Fifth Amendment procedural due process and Fifth Amendment substantive due process, it is clear both Petitioner's claim and the Hernandez action are premised on the same substantive due process violation – specifically, that the government's failure to consider an individual's financial circumstances or alternative conditions of release is not sufficiently related to the government's interest of ensuring the individual's presence at a future hearing. Compare Hernandez Dkt. 45, Prelim. Inj. Mot at 10-11 ("Failure to consider a noncitizen's financial circumstance and alternative conditions of release impermissibly results in the detention of people based on their inability to pay . . . [which] is plainly not 'reasonably related' to the government's legitimate purposes.") and Dkt. 1, Pet. ¶ 41 ("[Petitioner's]

9

continued detention is solely a consequence of his own poverty and bears no reasonable relation to either of the two enumerated purposes [danger to the community or a flight risk] for which the prolonged civil detention of noncitizens is permissible.").

Furthermore, although Petitioner claims to advance "a different statutory argument than the one asserted in Hernandez in that he proposes the language of the INA calls for consideration of ability to pay, while the Hernandez class argues the statute should be construed to require consideration of ability to pay because it is silent on the issue," the Court does not find this argument persuasive. See Opp. at 10-11. Both actions are based on the same legal claim that an immigration judge's failure to consider an individual's ability to pay violates the INA. Petitioner sets forth a distinction without a difference, which is insufficient to warrant denial of consolidation under Rule 42.

### c. Petitioner Seeks the Same Relief

Lastly, Petitioner's claims for relief, though perhaps not identical, significantly overlap with the Hernandez action. Both actions seek a hearing before an immigration judge requiring the immigration judge to take into consideration (a) the individual's ability to pay based on evidence presented by the individual; and (b) whether alternative conditions of release are sufficient. Hernandez Dkt. 84, Order at 27; Pet. at 23-24.

Relying on Pride v. Correa, 719 F.3d 1130 (9th Cir. 2013), Petitioner argues the Ninth Circuit has recognized that "[i]ndividual claims for injunctive relief . . . are discrete from class claims for systemic reform," and thus, "where an [individual] brings an independent claim for injunctive relief solely on his own behalf for [relief] that relates to him alone, there is no duplication of claims or concurrent litigation." Id. at 8 (citing Pride, 719 F.3d at 1137). Petitioner's reliance on Pride, 719 F.3d 1130, for the proposition that relief which is broad and

systemic in nature differs from an individual's own challenge for relief such that there is no duplicative or concurrent litigation, is misguided.

In Pride, the plaintiff sought injunctive relief based on the prison's unjustified denial of medical treatment for his knee and back injuries, which was specifically prescribed to him by a treating physician. Id. at 1132. The class action at issue, in contrast, sought systemic reform of medical care in general in California prisons. Id. at 1136. While the Ninth Circuit found a distinction between plaintiff's "individual claims for injunctive relief" and "claims for systemic reform", it based its decision on the fact that plaintiff's claim regarding his own medical treatment was not duplicative of or "addressed conclusively in" the class litigation involving general, systemic medical reform. Id. at 1137-38.

Unlike the claims in Pride, however, Petitioner's claim for relief is addressed conclusively in the Hernandez class litigation. Petitioner seeks "a constitutionally adequate hearing before an immigration judge, with adequate procedures to ensure that bond is set at an amount reasonably consistent with [Petitioner's] . . . evidence regarding the bond amount he is able to pay, and also reasonably considers whether alternative conditions of release are sufficient." Pet. at 23-24. Although Petitioner contends his relief is individualized and based on his personal financial circumstances, see Opp. at 9, such arguments for relief are premised on, and incorporated in, the systemic reform which the Hernandez class action is seeking. The Hernandez action's success in obtaining an injunction that requires an immigration judge to take into consideration an individual's ability to pay when setting bond and alternative conditions of release directly encompasses Petitioner's claim of relief. Petitioner's challenge is only individualized in the sense that it applies to his own particular financial circumstances toward seeking relief; but the substantive legal grounds upon which his argument is based are duplicative of those argued for in Hernandez.

Finally, Petitioner argues the two actions should not be consolidated because his request for relief differs from the Hernandez action in that he is seeking immediate release, whereas the Hernandez class is asking only for new bond hearings where financial ability is taken into consideration. The Court, however, disagrees. As Petitioner points out, "once it is determined that an individual poses no substantial danger to the community or level of flight risk so as to justify detention (as occurred here), an Immigration Judge must set bond at an amount reasonably calculated to incentivize the individual's reappearance in court." Pet. at 16. Accordingly, Petitioner acknowledges a bond hearing is required prior to release, even if the individual has been found not to be a danger to the community or a flight risk. Thus, even if he prevails on his claim, he must first undergo a bond hearing before he is considered for release.[5] Moreover, assuming a slight difference in claims for relief, Petitioner's claims still contain a "common question of law or fact" with the Hernandez action sufficient to warrant consolidation under Rule 42. Fed. R. Civ. P 42(a).

        **ii.**       **The Discretionary Factors Weigh in Favor of Consolidation**

As to the discretionary factors, Respondents argue consolidation would "increase judicial efficiency by precluding the need for re-litigation of an issue that has already been decided under the Hernandez preliminary injunction" and would avoid the risk of inconsistent judgments. Reply at 8. Petitioner, on the other hand, argues (1) consolidating a narrow petition for individualized relief with a broad class action seeking systemic reform would not serve the interests of judicial economy; (2) there is no risk of an inconsistent judgment because Petitioner's claims are

---

[5] Notably, as pointed out by Respondents in their Response to Petitioner's Objections, Petitioner actually "demanded the same relief as the Hernandez class: a bond hearing in which immigration judges must consider ability to pay" as an alternative to his request for release. See Response at 6; Pet. at 23-24. Hence, Petitioner appears to recognize he must first undergo a bond hearing before being considered for release.

12

limited to the facts and circumstances of his Petition; and (3) Petitioner would suffer prejudice from any extra delay consolidation may cause. Opp. at 13-16.

The Court finds consolidation is appropriate under Rule 42 because consolidating the actions will promote judicial economy and avoid the risk of inconsistent judgments, and therefore, outweighs any potential risk of prejudice. First, consolidation will promote judicial economy because it will avoid requiring a separate court to analyze the substantive merits of Petitioner's claims when the Court in <u>Hernandez</u> has already done so and while the Ninth Circuit is currently reviewing the substantive merits on appeal. Avoiding such duplicative efforts promotes judicial economy, and thus, weighs in favor of consolidation. See <u>Little v. Pfizer, Inc.</u>, No. C-14-1177 EMC, 2014 WL 1569425, at *2 (N.D. Cal. Apr. 18, 2014) (holding avoidance of adjudication of same questions posed between multiple cases promotes judicial efficiency and avoids duplicative litigation).

Second, consolidation avoids the risk of inconsistent judgments. Although Petitioner argues a ruling on his Petition "would be limited to the facts and circumstances of his petition" and therefore would not affect any judgment in <u>Hernandez</u>, this is not true. The ultimate question at issue is whether an immigration judge's failure to consider an individual's ability to pay before setting bond or to consider alternative conditions of supervision violates the INA and the Eighth and Fifth Amendments. Because the legal claims between the actions are substantially similar, allowing Petitioner's individual claim to move forward creates a risk of inconsistent judgments which consequently weighs in favor of consolidation. <u>Dusky v. Bellasaire Investments</u>, No. SACV07-874DOC, 2007 WL 4403985, at *1 (C.D. Cal. Dec. 4, 2007) ("The purpose of consolidation is to enhance court efficiency and to avoid substantial danger of inconsistent adjudications.").

Lastly, the Court finds that any prejudice Petitioner may potentially endure from consolidation does not outweigh the benefits of judicial economy discussed

above.  Petitioner argues the two actions are at vastly different stages of preparedness and "[c]onsolidating these actions would force [Petitioner] to jump into the middle of a class action that is far ahead of his petition in terms of preparedness."  Opp. at 15.  However, as Petitioner is raising the same substantive legal claims, the Court does not find Petitioner will suffer prejudice if required to consolidate with a case that is, in fact, *further along* in the litigation process.  Additionally, while Petitioner's claim *could* be ruled on before the Ninth Circuit decides the Hernandez appeal, this speculative possibility is insufficient to outweigh the judicial economic benefits of consolidating the cases.  Moreover, there is no evidence to indicate Petitioner's case will likely be resolved faster than the Ninth Circuit appeal of the Hernandez preliminary injunction.  More importantly, Respondents would almost certainly appeal any district court ruling and request a stay of any order favorable to Petitioner, as in Hernandez.  Accordingly, the Court finds the discretionary factors weigh in favor of consolidation.

## V.
## **RECOMMENDATION**

IT IS THEREFORE RECOMMENDED the Court issue an Order: (1) DENYING Respondents' Motion to dismiss; and (2) GRANTING Respondents' Motion to consolidate.

Dated:  June 5, 2017

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

14